IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30067 |
| | ) | |
| BRUCE CLEVENGER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Bruce Clevenger's sentencing hearing held March 5, 2007.  Clevenger was present in person and through his counsel, Assistant United States Public Defender Douglas Beevers.  The Government was present through Assistant United States Attorney Patrick Hansen.  Clevenger waived indictment and agreed to proceed on an Information (d/e 15).  See Waiver of Indictment by Bruce Clevenger (d/e 28).  On November 15, 2006, this Court accepted Clevenger's plea of guilty to Conspiracy to Manufacture Counterfeit United States Obligations and Securities in violation of 18 U.S.C. § 371.  The matter proceeded to sentencing.

1

The Court was in receipt of a Revised Presentence Report (PSR), dated February 22, 2007, prepared by the United States Probation Office. Clevenger objected to the PSR's recommendation that he receive a two-level enhancement in offense level pursuant to U.S.S.G. § 2B5.1(b)(2)(A) for manufacturing counterfeit money. For reasons stated of record, the Court denied Clevenger's objection. Therefore, the Court accepted the PSR as written and adopted its findings. Clevenger had a base offense level of 9. U.S.S.G. § 2B5.1(a). He received a one-level enhancement based on the finding that the value of the counterfeit items was approximately $3,000.00. U.S.S.G. § 2B5.1(b)(1)(A). He received a two-level enhancement under U.S.S.G. § 2B5.1(b)(2)(A) for manufacturing counterfeit money. Then, pursuant to U.S.S.G. § 2B5.1(b)(3), Clevenger's offense level was increased to 15. He was entitled to a two-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. Accordingly, the Court determined that Clevenger had a final criminal offense level of 13. Clevenger had sixteen Criminal History points, placing him in Category VI. An offense level of 13 and Criminal History Category VI result in a U.S.S.G. range of 33-41

months imprisonment, which is in Zone D of the Guideline range.[1]

THEREFORE, after considering the case file, the PSR, the statements of counsel, the evidence submitted, Clevenger's own statement, the applicable Sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Clevenger to 33 months imprisonment. Clevenger was ordered to pay restitution in the amount of $50 to Ponderosa Steakhouse. The Court ordered the restitution to be paid jointly and severally with co-defendants Tammy Davis and Andrew Flowers. Clevenger was also ordered to pay a $100 special assessment. The Court directed that the restitution and special assessment be paid over the course of Clevenger's imprisonment as follows: if employed in a Unicorps position, he is to pay quarterly installments of at least $25.00, and if employed in a non-Unicorps position, he is to pay 50% of his monthly earnings. The Court recommended that Clevenger be placed in a facility where he can take advantage of the Bureau of Prisons' 500-hour intensive drug treatment program. After his release from prison, Clevenger was ordered to serve a period of three years of supervised release.

---

[1] The Court notes that the U.S.S.G. are advisory, pursuant to United States v. Booker, 543 U.S. 220 (2005).

Appeal admonishments were given, and Clevenger indicated that he wished to appeal. Therefore, the Court directed the Clerk to enter a Notice of Appeal on Clevenger's behalf. The Court further found that Clevenger remained indigent and could proceed in forma pauperis on appeal.

IT IS THEREFORE SO ORDERED.

ENTER: March 7, 2007.

    FOR THE COURT:

                                          s/ Jeanne E. Scott
                                          JEANNE E. SCOTT
                                          UNITED STATES DISTRICT JUDGE